Lemuel E. HAWSEY III, Appellant,

v.

**LOUISIANA DEPARTMENT OF SOCIAL SERVICES and Gordon Hood, Appellees.**

No. 01–94–00882–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Aug. 15, 1996.

Rehearing Overruled Dec. 21, 1996.

Mitchell Toups, Beaumont, for Appellant.

James B. Doyle, Lake Charles, for Appellees.

Before TAFT, COHEN and MIRABAL, JJ.

## OPINION ON MOTION FOR REHEARING

TAFT, Justice.

On appellant's motion for rehearing, we withdraw our opinion of February 8, 1996, and issue this opinion in its stead, overruling appellant's motion for rehearing.

Appellant, Lemuel E. Hawsey III, sued appellees, the Louisiana Department of Social Services and its director of support enforcement, Gordon Hood (collectively, the Department), for false light invasion of privacy, libel per se, and false imprisonment after Hawsey. was arrested in Texas for unpaid child support. Hawsey appeals from an order dismissing his lawsuit and granting the Department's special appearance and plea to the jurisdiction. In three points of error, Hawsey argues the trial court erred because: (1) governmental immunity does not deprive the court of subject matter jurisdiction; (2) due process mandates personal jurisdiction over nonresidents who commit intentional torts in Texas; and (3) interstate comity does not require Texas to relinquish personal jurisdiction. We affirm.

### Summary of Facts

In November 1992, the Department printed a poster entitled "Louisiana['s] 10 Most Wanted Absent Parents Who Failed to Pay Child Support," which named Hawsey, provided biographical information and a photograph, and noted that Hawsey "consistently uses his legal knowledge to evade his obligation to pay child support." Hawsey's last known address was shown as Lake Charles, Louisiana. The poster, accompanied by a press release, was distributed throughout the United States to various news sources including the Associated Press. According to Department employees, the information was not directly distributed to Texas. Nonetheless, the Houston Chronicle printed a story about the poster on December 6, 1992, after receiving a copy from the Louisiana bureau of the Associated Press. The article included one sentence about Hawsey that stated, "Heading Louisiana's latest list is Lemuel Hawsey, a lawyer and computer consultant who owes

at least $123,200 to his ex-wife and three children."

After learning that Hawsey was in Houston, the Department's representatives met with United States marshals in Louisiana to discuss Hawsey's arrest. On June 18, 1993, marshals arrested Hawsey in Houston on the basis of a 1989 Louisiana bench warrant issued for Hawsey's failure to appear in court to review a suspended contempt sentence. One of the arresting officers executed a fugitive's affidavit stating that Hawsey was wanted in Louisiana for failure to pay child support.

On June 21, 1993, Hawsey was released from the Harris County jail on $2,500 bail. On June 23, 1993, the Department requested that Hawsey's bail be revoked or increased. The following day, the court increased Hawsey's bail to $125,000. On July 14, 1993, the Harris County District Attorney dismissed the fugitive warrant. During this time frame, Hawsey was listed on another "wanted poster" printed by the National Council of State Child Support Enforcement Administrators.

In September 1993, Hawsey sued the Department and two of the three arresting marshals for false light invasion of privacy, libel per se, and false imprisonment. Before the Department answered, the marshals removed the suit to federal court where Hawsey's claims against the officers were dismissed without prejudice for failure to exhaust administrative remedies under the Federal Tort Claims Act. See 28 U.S.C.A. § 2675(a) (West 1994). The claims against the Department were remanded to state court.

The Department then filed a combined special appearance, plea to the jurisdiction, and motion to dismiss or stay for forum non conveniens. Following an evidentiary hearing, the trial court granted the special appearance and plea to the jurisdiction and dismissed Hawsey's suit.

1. A special appearance is the procedural device for challenging the trial court's personal jurisdiction. Tex.R.Civ.P. 120a.

**Special Appearance**

In Hawsey's second and third points of error, he argues the trial court erred in sustaining the Department's special appearance [1] because due process mandates exercise of personal jurisdiction, and interstate comity does not require relinquishment of personal jurisdiction. The Department maintains there are insufficient minimum contacts between it and Texas to establish personal jurisdiction. Additionally, the Department and amici curiae [2] argue that comity requires Texas to decline any personal jurisdiction it may have.

**A. Standard of Review**

At a hearing on a special appearance, the nonresident defendant must disprove jurisdiction. See Kawasaki Steel Corp. v. Middleton, 699 S.W.2d 199, 203 (Tex.1985); Billingsley Parts & Equip., Inc. v. Vose, 881 S.W.2d 165, 168 (Tex.App.—Houston [1st Dist.] 1994, writ denied). But on appeal, when no findings of fact are included in the appeal of the special appearance, all questions of fact are presumed in support of the judgment. Zac Smith & Co. v. Otis Elevator Co., 734 S.W.2d 662, 666 (Tex.1987), cert. denied, 484 U.S. 1063, 108 S.Ct. 1022, 98 L.Ed.2d 986 (1988); Vose, 881 S.W.2d at 168–69. When the record includes a statement of facts, even unchallenged findings are not conclusive. Zac Smith & Co., 734 S.W.2d at 666; Vose, 881 S.W.2d at 169.

In this case, there are no findings of fact, but the record contains a statement of facts. The special appearance was submitted to the trial court upon the depositions of Department employees, Gordon Hood, Judy Madere, Brenda Ardoin, and Robert Thompson. Exhibits attached to the depositions included the "wanted posters," newspaper articles, and the Department's records.

**B. The Relationship Between Minimum Contacts and Comity**

Hawsey argues that sufficient minimum contacts establish the trial court's personal

2. The amici curiae include the Louisiana State University and Agricultural Mechanical College and the Louisiana State University School of Dentistry.

jurisdiction over the Department. He further contends that due process requires Texas to exercise personal jurisdiction because the Department committed or directed intentional torts within Texas. The Department denies minimum contacts with Texas and maintains that interstate comity supersedes any jurisdiction Texas may have.

▪ A Texas court may exercise personal jurisdiction over a nonresident defendant if authorized by the Texas long-arm statute and if consistent with federal and constitutional guarantees of due process. TEX.CIV. PRAC. & REM.CODE ANN. §§ 17.041–.045 (Vernon 1986 & Supp.1996); *Schlobohm v. Schapiro,* 784 S.W.2d 355, 356 (Tex.1990); *Vose,* 881 S.W.2d at 168. Identification of minimum contacts, however, does not determine whether Texas should decline jurisdiction in the interest of comity. *K.D.F. v. Rex,* 878 S.W.2d 589, 595–96 (Tex.1994). In addition, the nature of the injury does not influence whether Texas should extend comity and decline jurisdiction. *See id.* at 591 (applying comity to injunctive relief, negligence, tortious interference with business relations, fraud, defamation, breach of the duty of good faith and fair dealing, breach of fiduciary duties, and usury).

▪ Comity is a principle under which the courts of one state give effect to the laws of another state or extend immunity to a sister sovereign not as a rule of law, but rather out of deference or respect. *New Process Steel Corp. v. Steel Corp. of Texas,* 638 S.W.2d 522, 524 (Tex.App.—Houston [1st Dist.] 1982, no writ); *Lee v. Miller County,* 800 F.2d 1372, 1375 (5th Cir.1986) (applying Texas law). Courts extend immunity as a matter of comity to foster cooperation, promote harmony, and build goodwill. *Lee,* 800 F.2d at 1375. While holding that the United States Constitution does not require a state to apply foreign sovereign immunity statutes, the Supreme Court has encouraged the states to afford each other immunity. *Nevada v. Hall,* 440 U.S. 410, 426, 99 S.Ct. 1182, 1191, 59 L.Ed.2d 416 (1979).

▪ Because comity is grounded in cooperation and mutuality, Texas should extend comity by recognizing the laws and judicial decisions of other states unless: (1) the foreign state declines to extend comity to Texas or sister states under the same or similar circumstances; or (2) the foreign statute produces a result in violation of this state's own legitimate public policy. *Rex,* 878 S.W.2d at 594–95; *Lee,* 800 F.2d at 1375. In the absence of a clear indication to the contrary, we treat the sister state as a cooperative jurisdiction. *Id.* at 595.

## 1. Cooperative State

▪ As the Department observes, no Louisiana case demonstrates Louisiana's exercise of jurisdiction over Texas, its agents or employees. However, Louisiana has extended comity to other states. *See, e.g., Succession of Fisher,* 235 La. 263, 103 So.2d 276, 281 (1958) (Massachusetts); *Fisher v. Bullington,* 223 La. 368, 65 So.2d 880, 882 (1953) (Arkansas). In *Succession of Fisher,* the Louisiana Supreme Court noted that "the spirit of comity existing between the several states of our country requires that Louisiana recognize" Massachusetts' law unless doing so would violate the public policy of Louisiana. 103 So.2d at 281. We treat Louisiana as a cooperative jurisdiction for purposes of applying comity.

## 2. Public Policy

▪ The Texas Tort Claims Act, TEX.CIV. PRAC. & REM.CODE ANN. §§ 101.001–.109 (Vernon 1986 & Supp.1996), provides a limited waiver of governmental immunity. *Id.* §§ 101.021, .025 (Vernon 1986). In Texas, governmental immunity is not waived for intentional torts such as those Hawsey seeks to assert against the Department. *Id.* § 101.057. In addition, the Act preserves official immunity. *Id.* § 101.026; *Copeland v. Boone,* 866 S.W.2d 55, 58 (Tex.App.—San Antonio 1993, writ dism'd w.o.j.). Official immunity applies when state employees exercise discretion in good faith while acting within the scope of their official authority. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994).

▪ The Louisiana Constitution waives sovereign immunity "from suit and liability in contract or for injury to person or property." LA. CONST. art. XII, § 10(A). The Louisiana

3

Legislature may establish limitations and procedural rules for suits brought under this waiver. LA. CONST. art. XII, § 10(C). Louisiana has established two procedural rules for suits against itself which affect Hawsey's suit. First, the plaintiff must bring suit in a Louisiana state court. LA.REV.STAT.ANN. § 13:5106 (West Supp.1996). Second, the plaintiff may bring suit against the State of Louisiana or any state agency in the "district court in which the state capitol is located or in the district court having jurisdiction in the parish in which the cause arises." *Id.* § 13:5104(A) (West 1991). Hawsey has complied with neither of these rules. Louisiana also extends limited immunity to its officers and employees when they exercise policy-making or discretionary acts within the course and scope of their lawful powers and duties. *Id.* § 9:2798.1 (West Supp.1996). This limited immunity does not apply to acts or omissions: (1) not reasonably related to the legitimate objectives for which the policy-making or discretionary power exists; or (2) criminal, fraudulent, malicious, intentional, willful, outrageous, reckless or flagrant misconduct. *Id.* § 9:2798.1(C).

In *Rex*, the supreme court extended comity under a Kansas statute that conditioned waiver of sovereign immunity upon compliance with a mandatory venue provision. 878 S.W.2d at 595. The supreme court also applied comity under Kansas' official immunity statute, which is similar to both the Louisiana and Texas defenses. *Id.* at 597. Louisiana's waiver of sovereign immunity is more extensive than that of Texas, yet we cannot say it violates our public policy. The Kansas mandatory venue statute did not violate Texas public policy. *Id.* at 595. The Louisiana venue statutes, likewise, do not violate Texas public policy.

We find that the trial court did not err in sustaining the Department's special appearance. Comity should be extended to a sister state when, as here, the foreign state is cooperative in extending comity to Texas or other states and when application of the foreign statute does not violate the public policies of Texas. *Rex*, 878 S.W.2d at 594-95. We conclude that Louisiana law does not produce a result in violation of Texas' legiti-

mate public policy. Because we decide the trial court did not err in extending comity to Louisiana, we need not determine if the evidence demonstrates the minimum contacts necessary to establish personal jurisdiction. *See id.* at 595-96.

We overrule Hawsey's third point of error. We do not reach his second point of error.

### Plea to the Jurisdiction

The Department's plea to the jurisdiction is based upon its assertion of sovereign and official immunity. In his first point of error, Hawsey argues that the trial court erred in sustaining the plea to the jurisdiction because sovereign and official immunity are affirmative defenses that do not deprive the court of subject matter jurisdiction.

Because we held the trial court properly declined jurisdiction based on comity in overruling Hawsey's third point of error, it is unnecessary to address Hawsey's first point of error.

### Conclusion

We affirm the trial court's judgment.