**THE STATE OF NEW MEXICO, The State of New Mexico Educational Retirement Board, Delman Shirley, Pauline Turner, Michael Davis, Michael Montoya, Julie Neerken, Phillip Gonzales Alan Morgan, and David King, Appellants,**

v.

**Nancy CAUDLE, Mark Cobble, Phyllis Keys and James Rotter, Individually and as Representative of a Class of Others Similarly Situated, Appellees.**

No. 12–01–00284–CV.

Court of Appeals of Texas, Tyler.

Oct. 24, 2002.

Rehearing Overruled Dec. 16, 2002.

James N. Haltom, Patton, Haltom, Roberts, McWilliams & Greer, L.L.P., Texarkana, Mary M. Davis, David L. Swanson, Robert B. Gilbreath, Jenkins & Gilchrist, PC, Dallas, for appellants.

Owen S. Jones, Mark A. Carrigan, Maxine D. Goodman, Carringan, Lapin, Landa & Wilde, L.L.P., Houston, for appellees.

Panel consisted of GOHMERT, JR., C.J., WORTHEN, J., and GRIFFITH, J.

JIM WORTHEN, Justice.

Texas residents Nancy Caudle, Mark Cobble, Phyllis Keys, and James Rotter, individually and as representatives of a class of others similarly situated ("Appellees") brought suit in Anderson County, Texas, challenging the constitutionality of a New Mexico statute providing retirement benefits to employees of the State of New Mexico. The special appearance filed by the State of New Mexico, New Mexico Educational Retirement Board ("Retirement Board"), and the individual members of the Retirement Board was denied. In four issues, Appellants contend the trial court erred in denying their special appearance. We reverse and remand with instructions.

## BACKGROUND

Appellees are employees of the State of New Mexico at the National Scientific Balloon Facility ("balloon facility") in Palestine, Texas. Prior to October 1991, the State of New Mexico, through its Retirement Board, administered the existing retirement plan ("ERP") for all state educational employees, including those employed at the balloon facility. In October 1991, the New Mexico legislature enacted an alternative retirement plan ("ARP") which applied to Appellees and their fellow employees at the balloon facility. See N.M. Stat. Ann. §§ 22–11–47—22–11–52, (1978, amended 1991, 1999). This was to allow a portability feature for their retirement benefits, which had not been available under New Mexico's ERP.

Employees under both the ERP and ARP pay seven percent of their income to the Retirement Board. The State of New Mexico matches the employees' payment of seven percent for ERP contributions.

For ARP contributions, it also matches the seven percent employees' payment, but then makes an assessment against ARP contributors for an "unfunded actuarial liability." This term is not defined by the statute. *See id.*

Appellees allege in their first amended class-action petition that the assessment against ARP contributors violates the Equal Protection Clause of the Texas Constitution and both the Takings Clause of the Fifth Amendment and the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution. Appellants responded by filing a special appearance. The trial court denied the special appearance. Appellants then perfected an accelerated appeal to this court.

Appellants bring four issues before us. We will first address the fourth issue in which Appellants contend that the trial court erred in denying the special appearance of Appellants because the principle of comity compelled it to dismiss the case.

### STANDARD OF REVIEW

The question of whether a trial court can assume personal jurisdiction over non-resident defendants is a question of law that we review de novo. *Gessmann v. Stephens*, 51 S.W.3d 329, 334 (Tex.App.-Tyler 2001, no writ). Further, appellate courts do not defer to trial courts on matters involving relations between Texas and other sovereign states. *See K.D.F. v. Rex*, 878 S.W.2d 589, 593 (Tex.1994).

### ANALYSIS

Comity is a principle under which the courts of one state give effect to the laws of another state or extend immunity to a sister sovereign, not as a rule of law, but rather out of deference or respect. *Hawsey v. Louisiana Dep't of Soc. Servs.*, 934 S.W.2d 723, 726 (Tex.App.-Houston [1st Dist.] 1996, writ denied) (op. on reh'g).

It is a doctrine grounded in cooperation and mutuality. *K.D.F.*, 878 S.W.2d at 593. Texas should extend comity by recognizing the laws and judicial decisions of other states unless (1) the foreign state declines to extend comity to Texas or sister states under the same or similar circumstances, or (2) the foreign statute produces a result in violation of Texas' own legitimate public policy. *Hawsey*, 934 S.W.2d at 726 (citing *K.D.F.*, 878 S.W.2d at 594–95).

There is a presumption that the sovereign states in the United States intend to adopt a policy of broad comity toward one another. *Nevada v. Hall*, 440 U.S. 410, 425, 99 S.Ct. 1182, 1190–91, 59 L.Ed.2d 416 (1979). New Mexico courts recognize the principle of comity and have applied it liberally. *See Padilla v. Pueblo of Acoma*, 107 N.M. 174, 179–80, 754 P.2d 845, 850–51 (1988). New Mexico has extended comity to its sister states. *Delaney v. First Nat'l Bank in Albuquerque*, 73 N.M. 192, 198, 386 P.2d 711, 715 (1963) (Colorado). As a result, we will treat New Mexico as a cooperative jurisdiction for purposes of applying comity.

Texas will extend comity to the law of a cooperative jurisdiction so long as the law does not violate Texas public policy. *K.D.F.*, 878 S.W.2d at 595. Texas has long recognized the right of a sister state to determine the constitutional effect of their own laws. *See Shelton v. Marshall*, 16 Tex. 344, 351 (1856). The responsibility of determining the constitutionality of a New Mexico statute is the responsibility of the state courts of New Mexico or the courts of the United States. *See Younger v. Harris*, 401 U.S. 37, 44, 91 S.Ct. 746, 750, 27 L.Ed.2d 669 (1971); *see also Duke v. State of Texas*, 477 F.2d 244, 252 (5th Cir.1973). It would not be in the interest of Texas to have the laws enacted by its legislature scrutinized by courts of its sis-

ter states to determine whether they pass constitutional muster. It is therefore good public policy for Texas to avoid scrutinizing its sister states' statutes to determine their constitutionality under either the United States Constitution or the Texas Constitution. We hold that deference should be extended to New Mexico in this matter. Appellants' fourth issue is sustained.

Because this issue is determinative of this case, we will not address Appellants' first three issues. We *reverse* the order of the trial court denying the special appearance of Appellants, *remand* the cause to the trial court, and instruct the trial court to *dismiss* this proceeding.