COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

                                        NO. 2-07-411-CV

 

WENDELL S. MCCALL                                                          APPELLANT

 

V.

 

JERI L. MCCALL                                                                     APPELLEE

                                                                                                        

                                              ------------

           FROM THE 360TH DISTRICT COURT OF
TARRANT COUNTY

                                              ------------

                                MEMORANDUM
OPINION[1]

                                              ------------

In this
divorce proceeding, Wendell S. McCall (Ahusband@) is
attempting to appeal the trial court=s order
granting Jeri L. McCall=s (Awife@)
special appearance.  We affirm.








Husband
lives in Texas and filed for divorce in this state on August 29, 2006.  On October 2, 2006, wifeCwho
resides in Alabama with the parties= minor
childCfiled a
special appearance.  On October 18, 2007,
the trial court signed an order sustaining wife=s
special appearance, finding that Athe
State of Alabama is a more convenient forum for this lawsuit,@ and Adeclin[ing]
to exercise jurisdiction.@ 

Thereafter,
on November 1, 2007, husband filed a petition for writ of mandamus in this
court in which he challenged the trial court=s ruling
sustaining wife=s special appearance.  We denied the writ on November 6, 2007.[2]  On November 21, 2007,[3]
we received husband=s notice of appeal. 

On
October 26, 2007, wife filed for divorce in Alabama.  Husband specially appeared in that case and
filed a motion to dismiss.  On February
1, 2008, the Alabama court, in reliance on the Texas trial court=s
ruling, entered an order denying husband=s motion
to dismiss and Aexercis[ing] in personam
jurisdiction@ over both husband and wife.[4]   








On
February 19, 2008, wife filed a motion in this court to dismiss husband=s appeal
for want of jurisdiction.   We requested
that husband respond to the motion to dismiss by March 3, 2008.  As of this date, we have not received a
response. 

Applying
the appropriate standards of review,[5]
we hold that the trial court properly sustained wife=s
special appearance.[6]  Accordingly, we affirm the
trial court=s judgment.[7]  

PER CURIAM

 

PANEL 
A:  CAYCE, C.J.; DAUPHINOT and
GARDNER, JJ. 

 

DELIVERED: 
March 27, 2008

 

 

 

 











    [1]See
Tex. R. App. P. 47.4.





    [2]On
November 30, 2007, husband also filed a petition for writ of mandamus in the
Supreme Court of Texas, and that court denied the writ on January 11, 2008. 





    [3]Husband
filed his notice of appeal in the trial court on November 7, 2007.





    [4]The
Alabama court set a hearing for temporary orders on March 4, 2008. Appellant
has not provided us with any information indicating that he did not attend this
hearing or has further challenged the Alabama court=s ruling. 





    [5]See
BMC Software Belgium, N.V. v. Marchand, 83 S.W.3d 789, 794 (Tex. 2002)
(holding that the trial court=s legal conclusions are reviewed de novo and that
factual findings are reviewed for legal and factual sufficiency).





    [6]See
Allstate Ins. Co. v. Hallman, 159 S.W.3d 640, 642 (Tex. 2005) (holding that
a case is moot when issues presented are no longer Alive@ or the parties lack a
legally cognizable interest in the outcome); K.D.F. v. Rex, 878 S.W.2d
589, 593B94 (Tex. 1994) (holding
that ATexas will recognize the
laws and judicial decisions of other states, expecting that those states will
extend Texas the same consideration@); Mobil Oil Corp. v. First State Bank of
Denton, No. 02-02-00119-CV, 2004 WL 1699928, at *1 (Tex. App.CFort Worth July 29, 2004,
no pet.) (mem. op.) (dismissing appeal for want of jurisdiction as moot where
substantive disputes were rendered moot). 
See generally Hawsey v. La. Dep=t of Social Servs., 934 S.W.2d 723 (Tex.
App.CHouston [1st Dist.] 1996,
writ denied) (discussing principles of comity).





    [7]See
Tex. R. App. P. 42.3(a), (c),
43.2(f).