

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 2-07-411-CV

WENDELL S. MCCALL                                                    APPELLANT

V.

JERI L. MCCALL                                                          APPELLEE

------------

### FROM THE 360TH DISTRICT COURT OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

In this divorce proceeding, Wendell S. McCall ("husband") is attempting to appeal the trial court's order granting Jeri L. McCall's ("wife") special appearance. We affirm.

Husband lives in Texas and filed for divorce in this state on August 29, 2006. On October 2, 2006, wife—who resides in Alabama with the parties' minor child—filed a special appearance. On October 18, 2007, the trial court signed an order sustaining wife's special appearance, finding that "the State of

---

[1] *See* TEX. R. APP. P. 47.4.

Alabama is a more convenient forum for this lawsuit," and "declin[ing] to exercise jurisdiction."

Thereafter, on November 1, 2007, husband filed a petition for writ of mandamus in this court in which he challenged the trial court's ruling sustaining wife's special appearance. We denied the writ on November 6, 2007.[2] On November 21, 2007,[3] we received husband's notice of appeal.

On October 26, 2007, wife filed for divorce in Alabama. Husband specially appeared in that case and filed a motion to dismiss. On February 1, 2008, the Alabama court, in reliance on the Texas trial court's ruling, entered an order denying husband's motion to dismiss and "exercis[ing] *in personam* jurisdiction" over both husband and wife.[4]

On February 19, 2008, wife filed a motion in this court to dismiss husband's appeal for want of jurisdiction. We requested that husband respond to the motion to dismiss by March 3, 2008. As of this date, we have not

---

[2] On November 30, 2007, husband also filed a petition for writ of mandamus in the Supreme Court of Texas, and that court denied the writ on January 11, 2008.

[3] Husband filed his notice of appeal in the trial court on November 7, 2007.

[4] The Alabama court set a hearing for temporary orders on March 4, 2008. Appellant has not provided us with any information indicating that he did not attend this hearing or has further challenged the Alabama court's ruling.

received a response.

Applying the appropriate standards of review,[5] we hold that the trial court properly sustained wife's special appearance.[6] Accordingly, we affirm the trial court's judgment.[7]

PER CURIAM

PANEL A: CAYCE, C.J.; DAUPHINOT and GARDNER, JJ.

DELIVERED: March 27, 2008

---

[5] *See BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002) (holding that the trial court's legal conclusions are reviewed de novo and that factual findings are reviewed for legal and factual sufficiency).

[6] *See Allstate Ins. Co. v. Hallman*, 159 S.W.3d 640, 642 (Tex. 2005) (holding that a case is moot when issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome); *K.D.F. v. Rex*, 878 S.W.2d 589, 593–94 (Tex. 1994) (holding that "Texas will recognize the laws and judicial decisions of other states, expecting that those states will extend Texas the same consideration"); *Mobil Oil Corp. v. First State Bank of Denton*, No. 02-02-00119-CV, 2004 WL 1699928, at *1 (Tex. App.—Fort Worth July 29, 2004, no pet.) (mem. op.) (dismissing appeal for want of jurisdiction as moot where substantive disputes were rendered moot). *See generally Hawsey v. La. Dep't of Social Servs.*, 934 S.W.2d 723 (Tex. App.—Houston [1st Dist.] 1996, writ denied) (discussing principles of comity).

[7] *See* TEX. R. APP. P. 42.3(a), (c), 43.2(f).

3