Opinion filed August 11,
2011

 

                                                                       In The

                                                                              

  Eleventh
Court of Appeals

                                                                   __________

 

                                                         No. 11-10-00213-CV

                                                    __________

 

                 NEW
MEXICO STATE UNIVERSITY, BILL STEPP,

             AND PHYSICAL
SCIENCE LABORATORY NATIONAL

                     SCIENTIFIC
BALLOON FACILITY, Appellants

 

                                                             V.

 

                                       TONY
WINFREY, Appellee



 

                                   On
Appeal from the 42nd District Court

                                                          Callahan
County, Texas

                                                     Trial
Court Cause No. 18,509

 



 

M
E M O R A N D U M   O P I N I O N

            Appellants
filed a special appearance and claimed that the trial court should dismiss this
lawsuit in accordance with the principle of comity.  The trial court denied the
special appearance.  Because we are required to do so under the principle of
comity, we reverse the order of the trial court, remand the cause to the trial
court, and instruct the trial court to dismiss this proceeding.

Background
Facts

            Tony
Winfrey, appellee, a Texas resident, sued appellants in Callahan County, Texas.
 He alleged that, as a result of appellants’ negligence, a weather balloon
“owned and/or operated by Bill Stepp and/or the Physical Science Laboratory
National Scientific Balloon Facility and/or New Mexico State University” landed
on property that he used for sheep production.  The property is located in
Callahan County, Texas.  Appellee operates a business that produces and sells
show sheep.  He states in his petition that the weather balloon fell upon his
property and killed one producing ewe and resulted in nine aborted lambs as
well as the failure of five of his ewes to rebreed.  Additionally, thirteen
lambs should have been produced, but were not, from the ewes that failed to
rebreed.  He sought damages for such losses and for the cost of medicine,
labor, and loss of future lamb production in the total amount of $134,500.

            It
is not disputed that NMSU owns and operates the Physical Science Laboratory
National Scientific Balloon Facility.  According to the directions for service
of citation in appellee’s original petition, the facility is located in
Palestine, Texas.  Stepp is an employee of NMSU and is the director of the
Palestine Balloon Facility.  Although not stated in the petition, the gist of
the briefs is that the balloon was launched from the Palestine, Texas,
facility.  Under the well-stated principles of comity, this lawsuit must be
dismissed for the reasons that we state in this opinion.

Appellants’
Issue

            Appellants
present us with a single issue: “Applying the principal [sic] of comity, Texas
should respect the sovereignty of its sister state of New Mexico and dismiss
this suit for lack of jurisdiction.”

Discussion

            We
review the issue de novo.  K.D.F. v. Rex, 878 S.W.2d 589, 593 (Tex.
1994); Greenwell v. Davis, 180 S.W.3d 287, 294 (Tex. App.—Texarkana
2005, pet. denied); New Mexico v. Caudle, 108 S.W.3d 319, 321 (Tex.
App.—Tyler 2002, pet. denied) (Caudle also involved employees of NMSU’s
balloon facility in Palestine, Anderson County, Texas.). 

            “Comity
is a principle under which the courts of one state give effect to the laws of
another state or extend immunity to a sister sovereign, not as a rule of law,
but rather out of deference or respect.”  Caudle, 108 S.W.3d at 321.  In
accordance with the principle of comity, Texas will recognize the laws of other
states and, in return, will expect those other states to afford the same
treatment to Texas.  K.D.F., 878 S.W.2d at 593-94.  The principle of
comity is one based upon cooperation and mutuality and will be applied to a
cooperating state so long as the law of that state does not offend Texas public
policy.  Id. at 594.  New Mexico courts have applied principles of
comity to other states as well as the State of Texas.  We will, therefore,
treat the State of New Mexico as a cooperating state.  Caudle, 108
S.W.3d at 321.

            Because
New Mexico is a cooperating state, appellants have satisfied the first prong of
the principle of comity.  If the New Mexico statute involved in this case does
not violate the public policy of Texas, then appellants have satisfied the
second prong of the comity principle.

            Like
Texas, New Mexico provides for waiver of sovereign immunity from liability for
torts in a limited number of circumstances.  See, e.g., New Mexico Tort
Claims Act, N.M. Stat. Ann. § 41-4-17
(West 2011); Texas Tort Claims Act, Tex.
Civ. Prac. & Rem. Code Ann. § 101.021 (Vernon 2011).

            New Mexico’s Tort Claims
Act establishes exclusive original jurisdiction for claims under the act, and
that jurisdiction is in the district courts of New Mexico.  Section 41-4-18(A). 
Additionally, venue, as opposed to jurisdiction, for claims under the New
Mexico Tort Claims Act is fixed in the district court for the county in which a
plaintiff resides or in which the cause of action arose.  Venue would also be
proper in Santa Fe County, New Mexico.  Section 41-4-18(B).

            Similarly,
under the Texas Tort Claims Act, suits are to be brought in state court in the
county in which the cause of action or a part thereof arose.  Section 101.102(a).

            The
New Mexico Tort Claims Act establishes limits on the amount of liability in
suits under the act.  The limits that were in effect at the time this cause of
action arose were $100,000 for damage to or destruction of property as a result
of a single occurrence, $300,000 for past and future medical and medically related
expenses as a result of a single occurrence, $400,000 to any person for any
number of claims arising from a single occurrence for damages other than
property damage or medical and medically related expenses allowed under the act,
and $750,000 for all claims other than medical or medically related expenses
arising from a single occurrence.  Former Section 41-4-19.

            As
far as a claim against the state government is concerned, under the Texas Tort
Claims Act, in the case of bodily injury or death, liability is limited to
$250,000 for each person and $500,000 for each single occurrence and $100,000
for each single occurrence in the case of injury to or destruction of property. 
Section 101.023(a).

            Our comparison of the above
similar provisions leads to the conclusion that appellants have satisfied the
second prong of the principle of comity:  the jurisdiction and venue provisions
of the New Mexico Tort Claims Act, as applicable in this case, do not violate
the public policy of Texas.

Appellee’s
Arguments

            Appellee
argues that appellants have purposely availed themselves of the benefits of
living and doing business in Texas by operating the balloon facility in Texas
and have therefore submitted to jurisdiction in Texas.  He cites to Michiana
Easy Livin’ Country, Inc. v. Holten, 168 S.W.3d 777 (Tex. 2005), in support
of his position.  However, we note that Holten did not involve a
sovereign sister state but, rather, involved a private corporation.  Further,
our supreme court has held that contact with Texas “does not determine whether
Texas should decline jurisdiction in the interest of comity.”  K.D.F.,
878 S.W.2d at 595-96.

            Appellee
also attempts to distinguish Caudle simply by claiming and concluding
that somehow, because Caudle dealt with the constitutionality of a New
Mexico statute, it is inapplicable to this case.  He argues the same broad
conclusion with respect to K.D.F. and Hawsey v. La. Dep’t of Soc.
Servs., 934 S.W.2d 723 (Tex. App.—Houston [1st Dist.] 1996, writ denied).  We
agree that the cases involve different circumstances, but we disagree that the
general principles of comity stated in those cases are inapplicable to this
case.

            The
special appearance filed by appellants was accompanied by an affidavit executed
by Bruce R. Kite, General Counsel for New Mexico State University.  The
affidavit basically provides, as does the body of the sworn special appearance,
that Stepp is an employee of NMSU and that the balloon facility is wholly owned
by and is a part of NMSU.  He states that he has personal knowledge of those
facts as a result of his employment as General Counsel for NMSU.  

            In
the trial court, appellee filed an objection to the affidavit.  Appellee
objected that “[m]any ‘facts’ set forth in Defendants’ Special Appearance are
conclusory and, as such, said Affidavit should not be admitted into evidence.” 
Further, appellee asserted that “such admission would deny the Plaintiff the
right to cross-examine” Kite.  Appellee also claimed that the affidavit was
hearsay and that the hearsay was subject to no exception.  Appellee did not,
however, point out what parts of the affidavit were conclusory or hearsay. 
Because appellee did not point out with specificity the parts of the affidavit that
were conclusory and because he failed to get a ruling on his objections to the
affidavit, he did not preserve error, if there was any.  Tex. R. App. P. 33.1(a).  Further,
Tex. R. Civ. P. 120a governs
special appearances and specifically authorizes a trial court to determine the
special appearance on the basis of pleadings, stipulations, affidavits and
attachments, and results of discovery, as well as any oral testimony. 
Appellee’s arguments are without merit.

           Also
without merit is appellee’s argument that, in the absence of findings of fact
and a reporter’s record, we must assume that the trial court found facts
sufficient to support its judgment.  As we have stated, we review the trial
court’s holding on the principles of comity under a de novo standard. 
Appellee’s argument is not, therefore, well-taken.  Greenwell, 180
S.W.3d at 294-95; Caudle, 108 S.W.3d at 321.

           Appellee
makes the additional argument that the New Mexico Tort Claims Act contains
provisions peculiar to aircraft and that a weather balloon is an aircraft. 
Whether that is true or not is an issue to be decided by the courts of the
State of New Mexico.

This
Court’s Ruling

            Because
appellants met their burden to show that New Mexico is a cooperating state and
that New Mexico law is not contrary to the public policy of Texas, they are
entitled to the benefits of the principle of comity.  Therefore, the trial
court should have granted appellants’ special appearance.  Appellants’ sole
issue is sustained.

            The
judgment of the trial court is reversed, and this cause is remanded to the
trial court with directions that it enter an order dismissing this case.  See
Caudle, 108 S.W.3d at 322.

            

 

                                                                                                TERRY
McCALL

                                                                                                JUSTICE

 

August 11, 2011

Panel consists of:  McCall, J.,

Hill, J.,[1]
and Thomas, J.[2]









[1]John G. Hill, Former Justice, Court of Appeals, 2nd
District of Texas at Fort Worth, sitting by assignment.

 





[2]Linda Thomas, Retired Chief Justice, Court of Appeals,
5th District of Texas at Dallas, sitting by assignment.