Opinion filed August 11, 2011



In The

# Eleventh Court of Appeals

_____

## No. 11-10-00213-CV

_____

## NEW MEXICO STATE UNIVERSITY, BILL STEPP, AND PHYSICAL SCIENCE LABORATORY NATIONAL SCIENTIFIC BALLOON FACILITY, Appellants

## V.

## TONY WINFREY, Appellee

**On Appeal from the 42nd District Court**
**Callahan County, Texas**
**Trial Court Cause No. 18,509**

### MEMORANDUM OPINION

Appellants filed a special appearance and claimed that the trial court should dismiss this lawsuit in accordance with the principle of comity. The trial court denied the special appearance. Because we are required to do so under the principle of comity, we reverse the order of the trial court, remand the cause to the trial court, and instruct the trial court to dismiss this proceeding.

*Background Facts*

Tony Winfrey, appellee, a Texas resident, sued appellants in Callahan County, Texas. He alleged that, as a result of appellants' negligence, a weather balloon "owned and/or operated by

Bill Stepp and/or the Physical Science Laboratory National Scientific Balloon Facility and/or New Mexico State University" landed on property that he used for sheep production. The property is located in Callahan County, Texas. Appellee operates a business that produces and sells show sheep. He states in his petition that the weather balloon fell upon his property and killed one producing ewe and resulted in nine aborted lambs as well as the failure of five of his ewes to rebreed. Additionally, thirteen lambs should have been produced, but were not, from the ewes that failed to rebreed. He sought damages for such losses and for the cost of medicine, labor, and loss of future lamb production in the total amount of $134,500.

It is not disputed that NMSU owns and operates the Physical Science Laboratory National Scientific Balloon Facility. According to the directions for service of citation in appellee's original petition, the facility is located in Palestine, Texas. Stepp is an employee of NMSU and is the director of the Palestine Balloon Facility. Although not stated in the petition, the gist of the briefs is that the balloon was launched from the Palestine, Texas, facility. Under the well-stated principles of comity, this lawsuit must be dismissed for the reasons that we state in this opinion.

## Appellants' Issue

Appellants present us with a single issue: "Applying the principal [sic] of comity, Texas should respect the sovereignty of its sister state of New Mexico and dismiss this suit for lack of jurisdiction."

## Discussion

We review the issue de novo. *K.D.F. v. Rex*, 878 S.W.2d 589, 593 (Tex. 1994); *Greenwell v. Davis*, 180 S.W.3d 287, 294 (Tex. App.—Texarkana 2005, pet. denied); *New Mexico v. Caudle*, 108 S.W.3d 319, 321 (Tex. App.—Tyler 2002, pet. denied) (*Caudle* also involved employees of NMSU's balloon facility in Palestine, Anderson County, Texas.).

"Comity is a principle under which the courts of one state give effect to the laws of another state or extend immunity to a sister sovereign, not as a rule of law, but rather out of deference or respect." *Caudle*, 108 S.W.3d at 321. In accordance with the principle of comity, Texas will recognize the laws of other states and, in return, will expect those other states to afford the same treatment to Texas. *K.D.F.*, 878 S.W.2d at 593-94. The principle of comity is one based upon cooperation and mutuality and will be applied to a cooperating state so long as the law of that state does not offend Texas public policy. *Id.* at 594. New Mexico courts have

2

applied principles of comity to other states as well as the State of Texas. We will, therefore, treat the State of New Mexico as a cooperating state. *Caudle*, 108 S.W.3d at 321.

Because New Mexico is a cooperating state, appellants have satisfied the first prong of the principle of comity. If the New Mexico statute involved in this case does not violate the public policy of Texas, then appellants have satisfied the second prong of the comity principle.

Like Texas, New Mexico provides for waiver of sovereign immunity from liability for torts in a limited number of circumstances. *See, e.g.,* New Mexico Tort Claims Act, N.M. STAT. ANN. § 41-4-17 (West 2011); Texas Tort Claims Act, TEX. CIV. PRAC. & REM. CODE ANN. § 101.021 (Vernon 2011).

New Mexico's Tort Claims Act establishes exclusive original jurisdiction for claims under the act, and that jurisdiction is in the district courts of New Mexico. Section 41-4-18(A). Additionally, venue, as opposed to jurisdiction, for claims under the New Mexico Tort Claims Act is fixed in the district court for the county in which a plaintiff resides or in which the cause of action arose. Venue would also be proper in Santa Fe County, New Mexico. Section 41-4-18(B).

Similarly, under the Texas Tort Claims Act, suits are to be brought in state court in the county in which the cause of action or a part thereof arose. Section 101.102(a).

The New Mexico Tort Claims Act establishes limits on the amount of liability in suits under the act. The limits that were in effect at the time this cause of action arose were $100,000 for damage to or destruction of property as a result of a single occurrence, $300,000 for past and future medical and medically related expenses as a result of a single occurrence, $400,000 to any person for any number of claims arising from a single occurrence for damages other than property damage or medical and medically related expenses allowed under the act, and $750,000 for all claims other than medical or medically related expenses arising from a single occurrence. Former Section 41-4-19.

As far as a claim against the state government is concerned, under the Texas Tort Claims Act, in the case of bodily injury or death, liability is limited to $250,000 for each person and $500,000 for each single occurrence and $100,000 for each single occurrence in the case of injury to or destruction of property. Section 101.023(a).

Our comparison of the above similar provisions leads to the conclusion that appellants have satisfied the second prong of the principle of comity: the jurisdiction and venue provisions

3

of the New Mexico Tort Claims Act, as applicable in this case, do not violate the public policy of Texas.

*Appellee's Arguments*

Appellee argues that appellants have purposely availed themselves of the benefits of living and doing business in Texas by operating the balloon facility in Texas and have therefore submitted to jurisdiction in Texas. He cites to *Michiana Easy Livin' Country, Inc. v. Holten*, 168 S.W.3d 777 (Tex. 2005), in support of his position. However, we note that *Holten* did not involve a sovereign sister state but, rather, involved a private corporation. Further, our supreme court has held that contact with Texas "does not determine whether Texas should decline jurisdiction in the interest of comity." *K.D.F.*, 878 S.W.2d at 595-96.

Appellee also attempts to distinguish *Caudle* simply by claiming and concluding that somehow, because *Caudle* dealt with the constitutionality of a New Mexico statute, it is inapplicable to this case. He argues the same broad conclusion with respect to *K.D.F.* and *Hawsey v. La. Dep't of Soc. Servs.*, 934 S.W.2d 723 (Tex. App.—Houston [1st Dist.] 1996, writ denied). We agree that the cases involve different circumstances, but we disagree that the general principles of comity stated in those cases are inapplicable to this case.

The special appearance filed by appellants was accompanied by an affidavit executed by Bruce R. Kite, General Counsel for New Mexico State University. The affidavit basically provides, as does the body of the sworn special appearance, that Stepp is an employee of NMSU and that the balloon facility is wholly owned by and is a part of NMSU. He states that he has personal knowledge of those facts as a result of his employment as General Counsel for NMSU.

In the trial court, appellee filed an objection to the affidavit. Appellee objected that "[m]any 'facts' set forth in Defendants' Special Appearance are conclusory and, as such, said Affidavit should not be admitted into evidence." Further, appellee asserted that "such admission would deny the Plaintiff the right to cross-examine" Kite. Appellee also claimed that the affidavit was hearsay and that the hearsay was subject to no exception. Appellee did not, however, point out what parts of the affidavit were conclusory or hearsay. Because appellee did not point out with specificity the parts of the affidavit that were conclusory and because he failed to get a ruling on his objections to the affidavit, he did not preserve error, if there was any. TEX. R. APP. P. 33.1(a). Further, TEX. R. CIV. P. 120a governs special appearances and specifically authorizes a trial court to determine the special appearance on the basis of pleadings,

4

stipulations, affidavits and attachments, and results of discovery, as well as any oral testimony. Appellee's arguments are without merit.

Also without merit is appellee's argument that, in the absence of findings of fact and a reporter's record, we must assume that the trial court found facts sufficient to support its judgment. As we have stated, we review the trial court's holding on the principles of comity under a de novo standard. Appellee's argument is not, therefore, well-taken. *Greenwell*, 180 S.W.3d at 294-95; *Caudle*, 108 S.W.3d at 321.

Appellee makes the additional argument that the New Mexico Tort Claims Act contains provisions peculiar to aircraft and that a weather balloon is an aircraft. Whether that is true or not is an issue to be decided by the courts of the State of New Mexico.

### *This Court's Ruling*

Because appellants met their burden to show that New Mexico is a cooperating state and that New Mexico law is not contrary to the public policy of Texas, they are entitled to the benefits of the principle of comity. Therefore, the trial court should have granted appellants' special appearance. Appellants' sole issue is sustained.

The judgment of the trial court is reversed, and this cause is remanded to the trial court with directions that it enter an order dismissing this case. *See Caudle*, 108 S.W.3d at 322.


TERRY McCALL
JUSTICE


August 11, 2011

Panel consists of: McCall, J.,
Hill, J.,[1] and Thomas, J.[2]

---

[1]John G. Hill, Former Justice, Court of Appeals, 2nd District of Texas at Fort Worth, sitting by assignment.

[2]Linda Thomas, Retired Chief Justice, Court of Appeals, 5th District of Texas at Dallas, sitting by assignment.

5